# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**TIMOTHY JERMAINE McKINNEY**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:12-CR-25

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

    ☒ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 30 years old, has had no significant employment since 2003, has several children and $30,000 in child support owed. One child became known to Pretrial Services who defendant did not reveal.

Defendant has a lengthy criminal record including an open warrant for domestic assault in the Grand Rapids District Court. Defendant was a probation absconder in 2005 and while on probation was convicted of delivery of less than 50 grams of cocaine and sentenced to 3 years probation. While on probation for the latter 2005 charge, he (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community (or the presence of the defendant for trial) in light of the unrebutted presumption. Alternatively, even in the absence of the presumption, the government has shown by clear and convincing evidence that there are no conditions that will assure the safety of the community from the defendant's continued drug dealing. He has been a drug dealer since the year 2000 and was doing it right (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 31, 2012

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

### Alternate Findings (B) - (continued)

was subsequently convicted for delivering or manufacturing cocaine again in June 2006, and for fleeing a police officer as well.

While on bond for the June 2006 drug offense, defendant was again arrested for the delivery and manufacture of cocaine in July 2006, and his bond was revoked. When he was arrested, he fled the police when his vehicle was stopped. Marijuana and a small child were found in the back seat.

Defendant was sentenced to 28 months in prison for this July 2006 drug charge (along with being a habitual offender). In addition, he served two years parole with supervision transferred to the State of Arizona where he was apparently able to stay out of trouble. He was discharged from parole in June 2010, but six months later was given 25 days in jail for driving while license suspended.

Upon his arrest for the present offense, defendant stated he had been selling cocaine since 2000 at the rate of approximately 1/2 kilo every two weeks, and that he had sold $10,000 of heroin the day of his arrest. He was also found with guns at the time of his arrest.

### Part II - Written Statement of Reasons for Detention - (continued)

up to the day of his arrest. The only times he has not been dealing in drugs appears to be when he is incarcerated, because he has on repeated occasions dealt drugs while on probation. There is no reason to believe he would behave differently on bond than he did while on probation. The government has also met its burden to show defendant is a flight risk in light of the fact he was an absconder in 2005, and was convicted of fleeing a police officer in 2006, as well as repeated failures to abide by the rules of probation and bond.